## JANUARY TERM, 1855.

### THE KING *vs.* GEORGE McGREGOR.

Appeal not properly taken :—Practice.

The defendant was charged and found guilty, in the Police Court, for selling spirituous liquors without license, and the case came before this Court on appeal. The counsel for the crown moved that the case be struck from the calendar, on the ground that no bond for costs had been filed in the court below, as required by the statute, and that no appeal had ever been properly taken. Motion granted.

Mr. Bates for the Crown.

Mr. Montgomery for the defendant.

### THE KING *vs.* HENRY GRANT.

It appearing that the principal witnesses against defendant were interested in the fine, the court directed an acquittal.

The defendant was charged with adultery, and the case came before this Court on appeal from the Circuit Judge at chambers. It appearing that the principal witnesses against the defendant were interested in the fine to be imposed upon him, if found guilty, the Court instructed the jury to return a verdict of not guilty, which they accordingly did.

Mr. Bates for the Crown.

Mr. Blair for the defendant.

### WARREN R. CUTHBERT *vs.* THE HAWAIIAN GOVERNMENT.

A suit cannot be instituted against this Government, without the permission of the King in Council.

Mr. Bates, for the government, moved that this cause be struck from the calendar, on the ground ·that the government could not be sued except by permission of the King in Privy Council, which permission had never been obtained.

The Court said that as a general rule no government could be sued, and that the proper resort of those having claims against the government was the legislature, which body it was presumed would render to every man his just dues. This was the law in other countries, and it was expressly provided by our statutes that no suit could be instituted against the government, unless by permission of the King in Privy Council. The motion was accordingly granted.

Mr. Montgomery for the plaintiff.

Mr. Bates for the government.